JANE LEVEN SCOTT v. F. A. LOGAN ET AL.

No. 6236. Decided November 1, 1933.
(64 S. W., 2d Series, 141.)

*Bailey, Nickels & Bailey,* of Dallas, for appellant.

The absence of a corporate seal from an instrument of conveyance made by a corporation deprives it of probative force. Emory v. Bailey, 111 Texas, 337, 234 S. W., 660; Shropshire v. Behrens & Castles, 77 Texas, 275, 13 S. W., 1043.

A military company, not being a charitable organization, the creation of the trust for its use and benefit for an indefinite period would be in violation of the perpetuity clause of the Constitution. 5 R. C. L., 293; Doyle v. Whalen, 87 Me., 414, 31 L. R. A., 118; Hopkins v. Grimshaw, 165 U. S., 342; 2 Perry on Trusts, 6th Ed., sec. 710; Paschal v. Ackin, 27 Texas, 174; Gidley v. Lovenberg (Civ. App.), 79 S. W., 831.

*Allen & Allen* and *E. G. Moseley,* all of Dallas, for appellees.

An estate granted with the condition that if at any time it shall cease to be put to the specified use, then it shall pass to a third party in trust for the use and benefit of certain other organizations, the first estate created, to-wit, the one granted to

the first taker, violates no rule against the creation of perpetuities and is unaffected by the invalidity, for any reason, of the after estate in trust. Thompson on Real Prop., vol. 3, p. 170, sec. 2105; Baylor University v. Boyd (Civ. App.), 18 S. W. (2d) 700; 9 Texas Jur., 52, sec. 3; Lightfoot v. Poindexter (Civ. App.), 199 S. W., 1152.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the Tenth Supreme Judicial District has submitted the following certificate containing certified questions:

"This suit was instituted by appellant, Jane Leven Scott, in form of trespass to try title against appellees, F. A. Logan, Arch C. Allen, J. A. Stewart, Dallas Artillery Company and F. H. Alexander, County Judge of Dallas County, Texas, to recover a tract of land fronting 100 feet on Jefferson Street and extending back 228½ feet, out of Block No. 111, according to the map or plat of Oak Cliff, duly recorded in the deed records of Dallas County, Texas. Appellant alleged, in substance, that appellee Dallas Artillery Company purported to be a corporation but in fact was not and had never been a corporation. She sued appellees Allen, Logan and Stewart individually and also as members or former members of the organization known as the Dallas Artillery Company as officers, representatives and trustees thereof. She sued appellee Alexander, then County Judge of Dallas County, in his official capacity, as trustee or purported trustees under the terms of a purported deed from Dallas Land & Loan Company, a private corporation, purporting to convey to Dallas Artillery Company the land sued for herein, with provision that the same should revert to the County Judge of Dallas County as trustee for certain purposes declared therein upon certain contingencies. Appellees other than Judge Alexander pleaded a general denial, not guilty and the statutes of limitation of five, ten and twenty-five years. Appellee Alexander pleaded a general denial and the existence and provisions of the deed above referred to. Appellant alleged by supplemental petition that if appellees, or any of them, claimed under the deed aforesaid, that the same was not executed by said Dallas Land & Loan Company, or by any person authorized by it to do so, and that if in fact lawfully executed, said deed was ineffective and void for various reasons not necessary to here state, but if valid for any purpose, it was upon conditions terminated or broken.

"The case was tried to a jury. Appellant introduced a deed conveying a tract of which the land sued for is a part to said Dallas Land & Loan Company, a corporation, a general assignment by said corporation and a chain of title from the assignee to her, if the title thereto was in said corporation at the date of the assignment, which was June 9, 1891. For the purpose of showing that appellees were claiming under a common source with appellant, she introduced certified copy of the deed from the Dallas Land & Loan Company to the Dallas Artillery Company, dated December 1, 1888, and hereinbefore referred to. There is no recital in said deed showing the status of the Dallas Artillery Company, grantee therein, with reference to being a corporation or other character of organization. Neither is there any recital therein that the execution thereof had been duly authorized by the board of directors of said corporation. The consideration for the execution of said deed is recited therein as follows:

" 'The sum of $1.00 paid by the Dallas Artillery Company and other valuable considerations hereinafter mentioned.' Said deed, after the description of the property conveyed, contains the further recitation:

" 'This deed is made on the condition that the said Dallas Artillery Company shall within 30 days from date hereof commence the erection of an armory on said lot to cost not less than $5,000.00, and shall have same completed within six months from date hereof, and in the event of a failure on the part of the Dallas Artillery Company to build and complete said Armory above described and within the time stipulated, the title of the herein described property shall revert to and revest in the Dallas Land & Loan Company; and upon the further condition that the said property shall be vested in the Dallas Artillery Company for its sole use, enjoyment and control as long as the same shall remain an organization either military, civil or social and after the dissolution of said company to any military company or social organization, formed by as many as five of the members of said company either by themselves or associated with others at the time of dissolution of said company, after the dissolution of said company and such organization or organizations, then said property shall revert to the County Judge of Dallas County and his successors in office to the use and benefit of such white military companies of Dallas County as may be in a position to use and enjoy it.' Said certified copy showed affirmatively that the record failed to show that the corporate seal was ever impressed upon said deed, though the

attestation clause therein recited that such seal was impressed thereon.

"Appellees introduced testimony that the Dallas Artillery Company was a recognized unit of the State Volunteer Guards, with a definite roster of membership at the time of the execution and delivery of said deed; that it, or the members thereof acting for it, took immediate possession of the land described in said deed and erected thereon an armory within the time required and continued to use the same as such until drafted into the service of the United States on August 5, 1917. No affirmative testimony was introduced showing that said company at or prior to the receipt of said deed had complied with the requirements of Articles 3297 and 3298 of the Revised Statutes of 1879 so as to become a body corporate under the provisions of Article 3299 thereof. Appellees, however, did introduce a formal certificate of incorporation issued by the Adjutant General of the state on the 1st day of July, 1903. The Dallas Artillery Company served in the World War and was mustered out of service at its close. Since that time the former members thereof have maintained an organization and continued to use said armory as a place of deposit for the records of its service and have permitted its use for other military purposes. Appellee Stewart testified that he had been a member of the Dallas Artillery Company since 1902 and from that time to the World War said company 'had continuous, peaceful, adverse possession of that property.' Substantially the same testimony was introduced from other witnesses. Appellee Logan testified that he had been a member of the Dallas Artillery Company since 1883. He testified in detail with reference to the continuous use of said property by that organization. He further testified as follows:

" 'I have not as an officer or claimed officer of this organization ever repudiated Judge Alexander's claim to title to this property if he had any, or any County Judge preceding him. As far as I know the organization, so far as it is an organization, has never repudiated that title or claim of title and are proud of it. We are claiming to hold that title as long as the organization functions. As long as the organization functions we would not let Judge Alexander take it any quicker than anybody else * * * The County Judge nor any of his predecessors have ever made any claim on the Dallas Artillery Company for possession of that since I have been captain. I do not think I would have turned it over to Judge Alexander or any of his predecessors in office if they came out and claimed possession

of this property and made demand on me for delivery of the property to them.' The above is only a brief outline of the testimony relied on by appellees to sustain their pleas of limitation, and reference is here made to the statement of facts for said testimony in full. Appellees did not introduce said deed from the Dallas Land & Loan Company to the Dallas Artillery Company as a muniment of title in themselves.

"The court instructed a verdict in favor of appellees. It is conceded by counsel for the respective parties that said instruction was based on the testimony tending to sustain appellees' pleas of limitation. Appellant assails the sufficiency of said testimony to show as a matter of law so as to justify an instructed verdict, that the possession held by appellees was 'adverse possession' within the definition of that term in Article 5515 and as contemplated by Article 5513 of the Revised Statutes of 1925. We therefore certify for determination our first question as follows:

## I.

"Does the testimony introduced in this case, considered as a whole, show as a matter of law, that is, with such certainty that reasonable minds cannot differ with reference to the effect thereof, that appellees have had such peaceable and adverse possession of the property sued for for such a length of time as to vest in them full title thereto under the provisions of said Article 5513 of our Revised Statutes?

"Should the above question be answered in the negative, then the determination of other issues becomes necessary. Appellees seek to sustain the peremptory charge in their favor on the ground that though appellant introduced said deed for the limited purpose of showing common source, and though they did not introduce the same as a muniment of title, that the burden was on appellant to show that she held a title superior to that conveyed or purported to be conveyed by said deed, and that she had wholly failed to do so. We understand appellant in her brief to concede such burden.

"Appellant's first contention in this connection is that the deed under consideration in this case was void or ineffective to divest the Dallas Land & Loan Company, grantor therein, of title to the land sued for because it is not shown that said deed was impressed with the corporate seal at the time of its execution and delivery. We have hereinbefore shown that said original deed was not produced but proof of the same was made by certified copy from the deed records of Dallas County; and that such certified copy showed affirmatively the absence of the

corporate seal in the record of said deed. Said certified copy further showed that the original deed was filed for record December 3, 1888, and recorded December 8, 1888. Appellant's original petition is not contained in the transcript. The amended petition upon which this trial was had was filed February 26, 1931. Appellees in citation of additional authorities filed in this court May 18, 1932, assert that appellant's original petition was filed herein on the 21st day of April, 1930, and contend in that connection that since said deed had been of record more than nine years at the time Chapter 181, General and Special Laws of the Regular Session of the 41st Legislature, was approved and became effective, and since no suit had been brought to protest the effect of such instrument, as authorized in said act, within one year after the same became effective, that appellant cannot now question the execution of said deed and that the force and effect of the same as a conveyance of title is not now affected by the defect or defects relied on by appellant.

"Apellant further contends in this connection that the deed under consideration was ineffective to convey to and to vest in the Dallas Artillery Company, grantee therein, any right or title to the land sued for because said company was unincorporated and lacked capacity as such to receive or hold title to real estate. There was no attempt to show that the Dallas Artillery Company had complied with the technical requirements of the statutes hereinbefore referred to so as to acquire corporate capacity at the date of the execution, delivery and record of said deed. The testimony does show without dispute that the members of the organization known as the Dallas Artillery Company acting purportedly in its behalf and in behalf of themselves as members thereof, did enter into immediate possession of said property, claiming under said deed, and did place improvements thereon of the approximate value of $5000.00, and that such possession and claim continued without interruption until the time of trial. We therefore respectfully submit our second and third questions as follows:

## II.

"Was the deed from the Dallas Land & Loan Company to the Dallas Artillery Company, so introduced in evidence, sufficient and effective to divest said corporation of title to the land sued for according to the terms thereof, and did the same vest in the Dallas Artillery Company as an unincorporated association, or in the members thereof at the time, a legal title to any interest or estate in said land?

## III.

"If not, then did said unincorporated association, or the members thereof at the time, by taking possession under said purported deed and by making valuable improvements on said land and by continued claim, use and occupancy of the same, acquire such an equitable title thereto as to defeat a recovery by such grantor or its assigns, at least so long as such user continued within the terms of the stipulations in said deed?

"Said deed, as hereinbefore shown, provided that the property described therein should be 'vested in the Dallas Artillery Company for its sole use, enjoyment and control as long as the same shall remain an organization, either military, civil or social, and after the dissolution of such company, to any military company or social organization formed by as many as five members of said company, either by themselves or associated with others at the time of the dissolution of said company.' Said deed further provided that 'after the dissolution of said company and such organization or organizations, then said property shall revert to the County Judge of Dallas County and his successors in office, to the use and benefit of such white military companies of Dallas County as may be in a position to use and enjoy it.' Appellant contends that said grant over to the County Judge of Dallas County violates the rule against perpetuities and is therefore void and that the fee simple title to said land has reverted, or will at the cessation of the use of the same by the Dallas Artillery Company and its associated members after its dissolution, revert to her as assignee of the grantor in said deed. Appellees, however, contend that said grant over does not violate the rule against perpetuities, but they further contend that the entire estate in the land described in said deed passed out of the grantor therein at the time of the execution and delivery thereof, and that if said grant over be held invalid for any reason, that the effect of such invalidity would be to enlarge the grant to said Dallas Artillery Company and its associated members after its dissolution to an estate in fee simple. We therefore respectfully submit our fourth and fifth questions as follows:

## IV.

"Was such grant over to the County Judge of Dallas County and his successors in office as trustee or trustees for the uses and purpose contemplated in said deed, effective to vest in such trustee or trustees the valid legal title to said land in trust for such uses and purposes, upon termination of the use thereof by

the Dallas Artillery Company or its associated members after its dissolution as a military unit?

## V.

"If not, then under the terms of said deed, will the fee simple title to said land, upon termination of the user stipulated therein by the Dallas Artillery Company and its associated members after such dissolution, revert to and vest in appellant as assignee of the original grantor in said deed?

· "The transcript and statement of facts are hereby referred to and made a part of this certificate for all proper purposes."

■■ It is to be observed that the certified copy of the record of the Dallas Land and Loan Company deed, dated December 1, 1888, was introduced in evidence by the plaintiff, for the purpose of showing common source. It devolved, therefore, on the plaintiff, in order to recover the land, to prove the facts which she alleges rendered the original instrument invalid. Failing in this, her case would fall, regardless of the defense of limitation set up by the defendants, other than the County Judge of Dallas County. Since we have concluded that the plaintiff did not discharge the burden, in the respect stated, which rested upon her, all questions, except those going to the validity of the instrument, will be discarded. In respect of the claim that the above mentioned deed is invalid for want of the impress of the corporate seal on the original instrument in controversy, and the claim that the deed was not authorized by the board of directors of said corporation, there is no evidence at all, except such as the record of the instrument might be taken as having supplied. With respect to the fact that the record of the deed does not show a scroll or other symbol to represent the impress of the corporate seal, the question arises whether such fact is competent evidence of the alleged fact that the original instrument did not bear the impress of the corporate seal of the grantor. All doubt in this respect is removed by the statute passed in the year 1929 (Acts of 41st Leg., Reg. Sess., chap. 179) which reads in part as follows:

"Every instrument of writing which is permitted or required by law to be recorded in the office of the clerk of the county court, and which has been * * * so recorded, after being proved or acknowledged in the manner provided by the laws of this state in force at the time of its registration, or at the time it was proved or acknowledged, or every instrument which has been * * * actually recorded for a period of ten years in the book used by said clerk for the recording of such instruments,

whether proved or acknowledged in such manner or not, shall be admitted in evidence in this state without the necessity of proving its execution, provided no claim adverse or inconsistent claim to the one evidenced by such instrument shall have been asserted during that 10 years; * * * and after such instrument shall have been actually recorded as herein provided, for a period of 10 years, it shall be no objection to the admission of same, or a certified copy thereof, as evidence, that the corporate seal has not been impressed on such instrument, *or that the record does not show such corporate seal. * * *"*

The language of the deed in question, as it appears of record, so far as pertinent to the particular question now being discussed, is as follows:

"Know all men by these presents, that the Dallas Land and Loan Company, a private corporation, duly established under the laws of the State of Texas, * * * have granted, bargained, sold and conveyed and by these presents do hereby grant, bargain, sell and convey unto the Dallas Artillery Company of the County of Dallas in the State of Texas, all that certain lot, tract or parcel of land" etc.

The attestation clause reads as follows:

"Witness the name of said Dallas Land and Loan Co., hereto set by its president, and also the attestation of its secretary, together with the impress of its corporate seal, this 1st day of December, 1888."

"T. L. Marsalis<br>President."

"Attest:

E. L. Snodgrass
    Secretary."

No scroll or other symbol appears on the record to show that the impress of the corporate seal was on the original instrument. The certificate of acknowledgment, as it appears on on the deed record reads as follows:

"The State of Texas )
"County of Dallas )

"Before me, W. W. Manning, a Notary Public of the County of Dallas, in the State of Texas, on this day personally appeared T. L. Marsalis, President of the Dallas Land and Loan Company, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed, as the act and deed of the Dallas Land & Loan Company.

"Given under my hand and seal of office, this 1st day of December A. D. 1888

"W. W. Manning
Notary Public
Dallas County, Texas."

(L. S.)

The certificate of the county clerk appearing on the deed record (as disclosed by the certified copy introduced by the plaintiff, shows that the original instrument was filed for record on December 8, 1888, and was recorded the same day. It affirmatively appears from undisputed testimony, that for forty years following the date of the above instrument no claim, adverse to or inconsistent with said instrument, was asserted either by the plaintiff or any of those under whom she claims title, including the Dallas Land and Loan Company. It thus appears that the record of said instrument falls squarely within the purview of the statute above mentioned. In cases of this sort, the statute manifestly contemplates, as incompetent evidence, the fact that the record of a deed of a corporation fails to show a scroll or other smybol to represent the impress of the corporate seal on the original instrument. A purpose to render such fact incompetent evidence in such cases, is clearly implied.

With reference to the fact that the record of the deed discloses that the original instrument contained no language specifically reciting that the instrument was authorized by the board of directors of the Dallas Land and Loan Company, we are of the opinion that such fact is not of such probative force as to raise a fact issue in the case.

We conclude, therefore, that in respect to the alleged grounds of invalidity, which have been already discussed, the plaintiff failed to discharge the burden which rested upon her.

Other grounds of invalidity asserted by the plaintiff will now be taken up, and in considering this aspect of the case, the claimed invalidity of the deed, so far as the Dallas Artillery Company is concerned, because of lack of legal capacity in said Company to take under the instrument, will be passed over without consideration. For even should it be conceded, for present purposes, that the deed, for any reason, was ineffectual to transfer any rights respecting said property, to the Artillery Company, or to its members, still the plaintiff could not recover the lot, if the trust estate which the instrument purports to create, and of which the County Judge of Dallas County was made the trustee, be valid. It is insisted that the trust purported by the in-

strument, is void as involving the creation of a perpetuity in contravention of section 26, Article 1 of our State Constitution. The perpetuity which the instrument purports to create does not fall under the ban of the Constitution, if the trust be one for charity. Paschal v. Acklin, 27 Texas, 173. That the grantor intended to create a charity trust conclusively appears from the language of the instrument, when such language is construed in the light of the attending circumstances. At the time the deed was executed, and for many years prior to that time, our statutes provided for the organization of companies of state militia, for active military service, for the state's benefit. These companies, when organized as provided, constituted a part of the military establishment of the state and, except when called into active service of the United States, were under the command of the governor of the state, as commander in chief. R. S. of 1879, Title 64. It is fair to conclude, therefore, that the grantor, in providing that the trust property was for "the use and benefit of such white military companies of Dallas County as may be in position to enjoy it," meant such white military companies of Dallas County as are constituents of the organized militia of this State. No extended discussion is needed to demonstrate that the trust created was essentially for public purposes, and charitable in nature.

We hold, therefore, that, with respect to the lot in controversy, none of the matters discussed in this opinion shows that the plaintiff holds the superior title from and under the common source; and we recommend that the certified questions be so answered.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. CURETON, Chief Justice.