

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

May 3, 1949

Hon. K. L. Berry
Adjutant General
Austin, Texas

Opinion No. V-820

Re: The ownership of certain
land conveyed to Company
"F", 111th Engineer Regi-
ment, 36th Division, Texas
National Guard, by the City
of Houston, following re-
organization of said unit.

Dear Sir:

Your letter of April 7, 1949, submits a copy
of a deed dated in 1938 from the City of Houston to Com-
pany "F", 111th Engineer Regiment, 36th Division, Texas
National Guard. The deed recites that:

"It is the intent and purpose of this
conveyance to vest a full and complete fee
simple title to the above described land in
said Company 'F' and to remove certain con-
ditions, covenants and limitations contained
in a deed heretofore executed by the said City
of Houston to the said Company 'F'."

The deed contains certain covenants undertaken by Company
"F" as a part of the consideration.

You state that the 36th Division has been re-
organized, and that the unit formerly known as Company
"F" is to be redesignated Battery "B", 47th FA Battalion
(obn). You ask:

". . . the opinion of your office re-
garding the legality of the ownership of the
property described in the attached deed. It
is the interpretation of this office that the
unit of the Texas National Guard designated
as the successor of Company "F", 111th Engi-
neer Regiment, 36th Division Texas National
Guard, inherits the traditions and historical

continuity, as well as properties which
may have been originally owned by Com-
pany "F". . . .

"Your opinion is necessary to enable
this Department to proceed with plans for
the construction of an armory on the prop-
erty. . . ."

The copy of the deed furnished does not show
its execution. We do not have a copy of the ordinance
of the City Council of Houston which the deed recites
as authority, nor do we have an abstract of title to the
property. We are unable, therefore, to pass upon the
title conveyed by the deed. Since we do not know the
facts as to the performance by Company "F" of the cove-
nants recited as part of the consideration, we cannot
pass on the present status of the title conveyed.

Based upon the assumptions of good title in
the City at the time of the deed, no failure of con-
sideration, and no conveyance or encumbrance by Company
"F" prior to its dissolution, it is our opinion that the
property belongs to the State and is subject to control
by law.

Subsequent to the execution of the instant
deed, the Legislature passed Art. 5885, V.C.S., in its
present form. This statute is the only authority for
donations of land by cities to the National Guard. See
Armory Board v. McCraw, 132 Tex. 613, 126 S.W.2d 627, 638
(1939). The article applies to conveyances before and af-
ter its effective date. It provides that the council of
each city or town in this State is authorized:

". . . to donate, either in fee simple
or otherwise to the Texas National Guard Ar-
mory Board, or to any one or more of said
units for conveyance to said Board, one or
more tracts of land as sites upon which to con-
struct Armories and other buildings suitable
for use by such units; and any and all such
donations heretofore made . . . to any such
administrative unit, either as a corporation
or otherwise, and conveyed or to be conveyed
to said Board, is hereby validated." Art.5885,
V.C.S.

The same Legislature amended the National Guard Armory Board Act, Acts 1939, 46th Leg. p. 487, to provide that the Texas National Guard Armory Board shall " . . . have charge of the acquisition, construction, rental, control, maintenance and operation of all Texas National Guard Armories. . . .", and that ". . . as and when any of the property owned by the Board shall be fully paid for . . . the Board shall donate, transfer and convey such property, by appropriate instruments of transfer and conveyance, to the State of Texas. . . ." Article 5890b, V.C.S.

In view of the nature of the State militia as a governmental agency (36 Am. Jur.216), we think that the intent, purpose and effect of the foregoing Acts is to vest title to the instant property in the State of Texas, subject to control by the appropriate agency. Walsh v. University of Texas, 169 S.W.2d993 (Tex. Civ. App. 1942, err.ref.); see Opinion of Attorney General of Texas No. V-46 (1947). This is the rule in other jurisdictions under similar National Guard laws. See 29 Opinions of Attorney General of North Carolina 646 (1947); 1946 Opinions of Attorney General of Illinois 134, 136; 47 Opinions of Attorney General of Alabama 172 (1947); 1945-1946 Opinions of Attorney General of Maine 26; 1947-1948 Opinions of Attorney General of Nebraska 665. It is common practice in Texas and elsewhere for local agencies of government to acquire titles for the State, either in their name or in the name of the State. Robbins v. Limestone County, 114 Tex.345, 268 S.W. 915 (1925); Articles 6673b and 6674n, V.C.S.; see Opinion of Attorney General of Nebraska, supra.

Even if we be mistaken that the State took legal title under the deed, it is certain that the property in question was held by Company "F" for public purposes. Scott v. Logan, 122 Tex.636, 646, 64 S.W.2d 141 (1933). The members of the defunct company therefore have no private title therein. 40 C.J. 705; 57 C.J.S.1109. Since Company "F", prior to its dissolution, did not exercise what powers of disposition it might have had under Articles 5784 and 5797, R.C.S., we think that the property may be used for armory purposes by such unit as may be designated by property authority. Article 5781, R.C.S.; Articles 5790 and 5890b, V.C.S.

In order to simplify the matter, it might be well for the Texas National Guard Armory Board to take a deed from the City of Houston.

## SUMMARY

Property conveyed by a city in 1938 to a unit of the Texas National Guard no longer in existence because of reorganization of the 36th Division may be used for armory purposes by such unit as may be designated by proper authority. Article 5781, R.C.S.; Articles 5790, 5885 and 5890b, V.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    Ben H. Rice, III
                Assistant

BHR:bt

APPROVED

*Price Daniel*

ATTORNEY GENERAL