### SCOTT v. STERRETT.

#### No. 14251.

Court of Civil Appeals of Texas. Dallas.

Nov. 10, 1950.

Rehearing Denied Dec. 8, 1950.

McNees & McNees, James L. McNees, Jr., all of Dallas, for appellant.

Will R. Wilson, Jr., Dist. Atty., Harold W. McCracken, Asst. Dist. Atty., Philip Silverberg, all of Dallas, for appellee.

918

CRAMER, Justice.

Appellant filed this suit against appellee W. L. (Lew) Sterrett as trustee to terminate a trust created by the following deed: "* * * Know all Men by these Presents: That the Dallas Land and Loan Company, a private corporation duly established under the laws of the State of Texas and having its principal office in the City of Dallas, State of Texas, for and in consideration of the sum of One ($1.00) Dollar paid by the Dallas Artillery Company and other valuable considerations hereinafter mentioned, have granted, bargained, sold and conveyed and by these presents do grant, bargain, sell and convey unto the said Dallas Artillery Company of the County of Dallas in the State of Texas, all that certain lot, (Field notes covering Lot 100 x 228.5 feet located at corner of Jefferson Avenue and Hord Street, now Storey Street, in business section of Oak Cliff, City of Dallas, Texas, omitted) * * * This deed is made on the condition that the said Dallas Artillery Company shall within 30 days from date hereof commence the erection of an armory on said lot to cost not less than $5,000.00 and shall have same completed within six months from date hereof, and in the event of a failure on the part of the Dallas Artillery Company to build and complete said armory above described and within the time stipulated the title of the herein described property shall revert to and revest in the Dallas Land and Loan Company, and upon the further condition that the said property shall be vested in the Dallas Artillery Company, for its sole use, enjoyment and control as long as the same shall remain an organization either military, civil or social and after the dissolution of said company, to any Military Company or Social Organization formed by as many as five of the members of said Company either by themselves or associated with others at the time of dissolution of said Company, after the dissolution of said company and such organization or organizations then said property shall revert to the County Judge of Dallas County and his successors in office to the use and benefit of such White Military Companies of Dallas County as may be in position to use and enjoy it, together with all and singular, the rights, members, hereditaments and appurtenances to the same belonging, or in any wise incident or appertaining. To have and to hold, all and singular, the said premises above mentioned unto the said Dallas Artillery Company heirs and assigns, forever. And the said Dallas Land and Loan Company doth hereby bind itself to warrant and forever defend, all and singular, the said premises unto the said Dallas Artillery Company heirs and assigns, against every person whomsoever, lawfully claiming or to claim the same or any part thereof. Witness, the name of the said Dallas Land and Loan Company, hereunto set by its President, and also the attestation of its Secretary together with the impress of its Corporate Seal this 1st day of December, A.D. 1888 (s) T. L. Marsalis, President." (acknowledgment, etc., omitted.)

This appeal is from a judgment of the District Court dismissing appellant's cause of action after exceptions to her petition had been sustained and she had refused to amend.

Appellant's pleadings here refer to a former judgment, Scott v. Logan, 122 Tex. 636, 64 S.W.2d 141, and further allege that she does not contest the findings or conclusions of the former case, nor does she attempt to vary the construction of the deed there given; but seeks termination of the trust and a reversion of the title to the lot involved to herself, by reason of facts alleged in present petition which are in substance: (a) After First World War, the Dallas Artillery Company was mustered out and no such organization now exists; (b) the property was not used by Dallas Artillery Company for the purposes or uses contemplated by the grantor; (c) three members of the former Dallas Artillery Company executed a quitclaim deed April 19, 1948 to the County Judge of Dallas County; (d) no white military company, as beneficiary, has used or enjoyed the property since 1919; (e) no County Judge of Dallas County has ever acted as trustee or discharged any duty as trustee over such property; that the County Judge, in 1947,

referred her to the District Attorney with request that the District Attorney seize the property and put it in his hands as trustee, in order that the trust be carried out, and thereafter on numerous alleged occasions appellant urged the District Attorney to do something to get the matter settled; that in April 1948, the then County Judge told her he had found that he could not sell the property and there was nothing further that he could do in the matter; advising her that she should retain a lawyer and file suit against him in trespass to try title,— which she did by the filing of this action; (f) that the trust created by the original deed has failed; that under terms of the deed the property could not be used for any other purpose than the purposes recited therein, which purposes have not been carried out and cannot now be carried out; therefore the trust has failed and under the law the property should revert to appellant as assignor and heir of the donor of the trust; (g) that appellant was able to have the Texas Armory Board meet in Dallas in November 1947, and the Commander of Combat Command B of the 49th Armored Division of the Texas National Guard, a unit stationed in Dallas, was present. After the hearing, the Commander decided that he could not use the property for military purposes, and the Board passed a resolution that the District Attorney see if there was some way for the County Judge, as trustee, to sell the same; (h) that the property should revert to appellant (i) as a matter of public policy; (j) that the doctrine of cy-pres should not apply, since the trust was specific and not general; (k) that since she does not contest the provisions of the trust deed, and under the facts as now presented, the court should hold that the trust has terminated, and she should be awarded title to the property.

Exceptions 2, 3, 4, and 5, as sustained by the trial court, set out in substance the following: That the petition of appellant (as well as that of R. H. Hutchinson who has not appealed) failed to state a cause of action, because (Ex. 2) "They have predicated their cause of action on the nonuse, abandonment, and misuse of the corpus of the trust * * * and the failure of the beneficiaries to accept the trust"; resulting in a reversion to donors or their successors in title,—all of which is insufficient for the reason that the property vested absolutely in the County Judge as "trustee for the benefit of the white military companies of Dallas County, Texas, without ever reverting to the donor, his heirs or assigns * * *"; and (Ex. 3) that the property should not revert because the particular object of the trust failed since the property may be applied Cy Pres"; (Ex. 4) that the trust did not fail because the white military companies, as beneficiaries of the trust, have failed to accept it; and (Ex. 5) that the petition failed to state a cause of action, in that the land involved vested in the trustee for the benefit of the beneficiaries named, immediately upon the Dallas Artillery Company's building and completing of the armory on the property at a cost of not less than $5,000, all within six months from the execution of the deed.

Appellant briefs nine points of error, the first five of which assert in different ways that upon first taker's nonuse, misuse, and alienation of the trust property, it automatically resulted in a reversion of title to the grantors in the deed, their heirs and assigns. Appellant admits in her brief that "The first condition of said deed to build an armory was carried out * * *"; but asserts that the Dallas Artillery Company has been mustered out and has not since functioned as an organization, or remained an organization, either military or social, and there have been no further activities by it; also, that no military company or social organization was formed by as many as five of its members, either by themselves or associated with others at the time of the dissolution. Further, that (in 1948) she obtained from three surviving members of the former Dallas Artillery Company, a quitclaim deed to the County Judge of Dallas County, and that no white military company has used or enjoyed the property since 1919.

Under such allegations, the property described in original deed passed to the County Judge, as trustee. The building of the

armory within the time and at the cost provided for in the original trust deed (the sole condition upon which a reversion to grantor was based), was complied with. The former case of Scott v. Logan, 122 Tex. 636, 64 S.W.2d 141, settled permanently that the trust estate passed to the County Judge when the trust in favor of the first beneficiary, Dallas Artillery Company, terminated; also, that the trust, of which the County Judge of Dallas County is trustee, is a public charity as a matter of law. The first five points are overruled.

Points 6 to 9 inclusive assert that: (6) Where the object of a trust has failed and no longer exists; and (7) where there are no beneficiaries in position to use it; and (8) where the land becomes unsuitable for the purpose for which it was donated and no one takes any interest in the property; and (9) where the building on the land has been destroyed by fire and there are no funds available to rebuild or carry out the object of the donor or his heirs or successors,—then the trust terminates and title reverts to grantor, his heirs or assigns.

■■ Under the original deed of 1888, when the title vested in the first taker, and then in the County Judge of Dallas County, as trustee, a perpetual trust was created for the use of such white military companies of Dallas County as are constituents of the organized militia of this State; Scott v. Logan, supra. It is undisputed that there is a State Militia in this State; therefore the trust cannot fail or revert to the donor, since it can be used for the purposes intended, or cy-pres for a similar purpose. The courts will attribute such intention to the donor, since charitable gifts should be as perpetual as any human institution can be. 19 Texas Law Review 102.

■ The property will not revert to the donor at this time for another reason, since the deed itself provides for a reversion in but one instance, to wit: if the building provided for therein is not erected within the time provided, and of the value provided. When that condition was complied with, title to the property was vested in the first taker.

■ A provision having been made for reversion in the one instance, and not in the remaining instances, we hold that no reversion was in fact intended or effected under the terms of the original deed of 1888, after compliance by the Dallas Artillery Company with the first and only condition of the vesting of the title; and that the fee simple title now rests in the County Judge of Dallas County, as trustee. A nonuse of the property by the beneficiaries does not work a reversion of the title to the donor, his heirs, or assigns; since no condition is attached to the grant after the title becomes vested in the County Judge; Parrish v. Looney, Tex.Civ.App., 194 S.W.2d 419 (Syl. 6, 7, p. 423), and cases there cited; Texas & P. Ry. Co. v. Martin, 123 Tex. 383, 71 S.W.2d 867, Tex.Com.App., opinion adopted by Supreme Court

■ Too, the general charitable intent of the donor here can be ascertained and can be carried out, even if it is necessary to secure a decree from a court of equity that the property be sold and the proceeds reinvested in other suitable property for such purposes, since the fee simple title is in the trustee for the sole benefit of white military companies of Dallas County that are constituents of the organized militia of this State. The donor or his successors in interest would not be necessary parties to such equitable proceedings.

■ As said in 3 Southwestern Law Journal, Spring, 1949, No. 2, p. 174: "Occasionally the courts have been confronted with the problem of enforcing a charitable trust when the purpose for which the trust was created has failed. Is the cy-pres doctrine applicable in Texas under these conditions? The answer seems to hinge on whether the testator or settlor had a general charitable intent at the time the trust was created. If a general charitable intent can be found and a specific charitable purpose mentioned in the same instrument has failed, then the doctrine will be applied. The opposite result will be reached if no general charitable intent can be established. Thus in Inglish v. Johnson, 42 Tex.Civ. App. 118, 95 S.W. 558, 561, the court found

a general charitable intent and directed that benefits of a charitable trust be used for a purpose that 'will most nearly conform to the particular or specified intention of the donor to the end that a total failure of the trust should not ensue.'" Points six to nine inclusive are overruled.

From what has been said in overruling appellant's assignments, the judgment below must be affirmed.