

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 15, 1961

Honorable Wm. A. Nobles
County Attorney of Wise County
Decatur, Texas

Opinion No. WW-1058

Re: Whether funds derived
from a mineral lease
on land deeded to the
County Judge of Wise
County for use as a
cemetery may be used
by the Commissioners
Court of Wise County
for general county pur-
poses.

Dear Mr. Nobles:

You have requested an opinion on the following
question:

"Is the beneficial ownership of
the minerals under a three-acre tract
conveyed to the County Judge of Wise
County, and his successors in office,
for cemetery purposes only, and the
funds resulting from a lease of said
minerals, vested in Wise County, and
the funds subject to expenditure for
general county purposes under the
direction of the Commissioners Court,
or does such mineral estate, and the
funds derived therefrom, constitute a
trust fund for the sole benefit of the
Lone Star Cemetery, to be controlled
and expended by the County Judge as a
trustee?"

The three-acre tract in question is situated in the
Lone Star community in Wise County and is known as the Lone
Star Cemetery. The exact date on which this tract was first
used as a cemetery is unknown, but dates inscribed on tombstones
go back as far as the 1870's. Since 1890 it has been contin-
uously used and is still in use as a public cemetery. Prior
to 1914 there had been no formal instrument of dedication or
conveyance of the tract for cemetery purposes, but several
deeds between 1891 and 1910 conveying the parent tract of land

contained an exception clause following the description, in substantially similar terms, as follows: "save and except 3 acres used for cemetery." About 1910 the description was redrawn so as to exclude the cemetery tract, and succeeding conveyances utilize the new description rather than describing the parent tract and excepting the cemetery portion. In 1914 the grantor in the 1891 deed, in which the parent tract was conveyed to a third party but the cemetery tract was reserved, conveyed the cemetery tract to the County Judge of Wise County and his successors by a deed which reads as follows (omitting formal parts):

"Know all men by these presents, That J. W. Monk of the County of Wise and State of Texas, for and in consideration of the sum of one dollar, to me paid by the County Judge of Wise County Texas the receipt of which is hereby acknowledged have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said County Judge of the County of Wise and State of Texas, all that certain tract of land being a square block of 3 acres out of southwest corner of a tract of land heretofore conveyed by me to my son Willis Monk land conveyed herein being for Cemetery purposes only and when failed to be used for that purpose it is to revert to grantor herein this land being out of the Willis Monk Survey. To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said County Judge and his successors, heirs and assigns forever. And I do hereby bind myself, heirs, executors and administrators, to warrant and forever defend, all and singular the said premises unto the said County Judge and his successors, heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

Adjoining the cemetery are two other small tracts, each containing about an acre, one being the "Lone Star School" tract and the other the "Lone Star Baptist Church" tract. In about 1955 oil leases were taken on all three tracts. A producing oil well was completed on the school tract, and all three tracts were formed into a producing unit. The ownership of the minerals in the cemetery tract

and of the funds derived under this lease is the matter involved in your opinion request.

We assume for the purpose of this opinion that the production of oil from the adjoining tract does not interfere with use of the cemetery tract as a burial place. No question is raised as to the right to lease the tract or as to the effect of the leasing on the provision in the deed for reversion of the land to the grantor upon failure to use it for cemetery purposes.

Although the 1914 deed does not expressly use words of trust, we think it is clear beyond doubt that the conveyance was to the County Judge and his successors as trustee for the benefit of those entitled to be buried in the cemetery. 42 Tex. Jur., Trusts, Sec. 16; 4 Scott, Law of Trusts (2nd Ed.), Sec. 351; Smallwood v. Midfield Oil Co., 89 S.W.2d 1086 (Civ. App. 1935). The County Judge holds the legal title only as a trustee, and the beneficial ownership extends not only to the surface of the ground but to the entire estate. Houston Oil Co. v. Williams, 57 S.W.2d 380 (Civ.App. 1933); Davis v. Skipper, 125 Tex. 364, 83 S.W.2d 318 (1935).

Any claim that Wise County has in the property and in the proceeds from the mineral lease would have to be based on the theory that the legal title was conveyed to the County Judge for the benefit of Wise County as a political subdivision. In our opinion, the fact that the County Judge of Wise County was named as the grantee did not vest any beneficial interest in Wise County. Unless the trust as originally declared was for the benefit of Wise County as a political entity, the fact that one of its officers is the trustee does not give it any interest or right in the property. It is not uncommon for a public officer and his successors to be named as trustee of property devoted to a continuing public or charitable use. The naming of a public officer in a conveyance of this type is a convenient means for vesting of the legal title and for providing a succession in the title. An example of such a conveyance is found in Scott v. Sterrett, 234 S.W.2d 917 (Civ. App. 1950, error ref. n.r.e.). In our opinion, the County Judge is not trustee in his official capacity but in his private and individual capacity. Inglis v. Trustees of the Sailor's Snug Harbor, 3 Pet. (8 U.S.) 99 (1830); In re Sturgis, 164 N.Y. 485, 58 N.E. 646 (1900). In the Inglis case the Court said:

> "In the case now before the court
> there is no uncertainty with respect to

the individuals who were to execute the trust. The designation of the trustees by their official character is equivalent to naming them by their proper names. Each office referred to was filled by a single individual, and the naming of them by their official distinction was a mere designatio personae. * * * The trust was not to be executed by them in their official character, but in their private and individual capacities."

In this connection, Article 1576 of Vernon's Civil Statutes should be noticed. This statute reads as follows:

"All deeds and conveyances heretofore or hereafter made and duly acknowledged, or proven, and recorded as other deeds of conveyance, to any county, or to the courts or commissioners of any county, or any other person or persons, by whatever form of conveyance, for the use and benefit of any county, shall be good and valid to vest in such county in fee simple or otherwise all such right, title, interest and estate as the grantor in any such instrument had at the time of the execution thereof in the lands conveyed and was intended thereby to be conveyed."

The statute declares title to be vested in the county when the conveyance is for the use and benefit of the county. The conveyance in this case was not for the use and benefit of the county, nor was it for a county purpose. Although counties may now own and maintain public cemeteries (Art. 2351f, V.C.S.; cf. Art. 2351e, V.C.S.), they did not have this power in 1914. At that time there was no statute authorizing counties to maintain public cemeteries, and a county has no power to maintain a cemetery without statutory authorization. Att'y Gen. Op. O-2699 (1940). The language of the deed indicates no intention to make Wise County the beneficial owner of the property, and it cannot be assumed that such an intention was implied, since the county was without authority to maintain public cemeteries.

It is our opinion that Wise County as a political subdivision has no interest in this property or the proceeds from the mineral lease and that the Commissioners Court has no control over the property or the expenditure of the funds

derived from the lease. The County Judge as trustee may spend such portions of the funds as are reasonably necessary for improvement, upkeep and maintenance of the cemetery. Disposition of any excess of funds beyond the amount necessary for these purposes is outside the scope of this opinion.

## SUMMARY

Wise County as a political subdivision has no interest in a tract of land which was deeded to the County Judge of Wise County and his successors in 1914 for cemetery purposes, and the Commissioners Court has no control over the property or the expenditure of funds derived from a mineral lease thereon.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Marietta McGregor Payne
Marietta McGregor Payne
Assistant

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

William E. Allen
Martin DeStefano
Joe B. McMaster
Fred Werkenthin

REVIEWED FOR THE ATTORNEY GENERAL
By: Morgan Nesbitt